IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BEN RHOADES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1929-NJR |
| | ) |
| ROB JEFFRIES, ANTHONY WILLS, and | ) |
| DR. SATTERER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rhoades alleges his contact lenses and related items were confiscated during a shakedown.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Rhoades makes the following allegations: His contact lenses and paraphernalia were thrown out during a shakedown (Doc. 1, p. 11). Dr. Sutterer failed to give him new contact lenses during two separate visits. The grievance documents attached to the

1

Complaint show that Dr. Sutterer wrote Rhoades a prescription for contact lenses on November 18, 2021 (*Id*. at p. 9). New contact lenses and a lens case were given to a nurse to deliver to Rhoades on November 22, 2021 (*Id*.).

## Discussion

Simply put, Rhoades has not pled any facts regarding the effect his loss of contact lenses had on his daily activities. He also has not established how long he was without contact lenses. Rhoades alleges that he wrote a grievance against Dr. Sutterer on November 13, 2021, and he saw Dr. Sutterer for the second time a week prior to that grievance. Rhoades fails to allege when he saw Dr. Sutterer for the first time or when his lenses were originally discarded. From the second visit until the date Rhoades received his contacts was approximately 16 days. That does not suggest deliberate indifference.

Further, there are no allegations suggesting IDOC Director Jeffries or Warden Wills were personally responsible for the loss of Rhoades's contact lenses or that they were involved in any alleged delay in Rhoades receiving new lenses. They also cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to Section 1983 actions. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Accordingly, Rhoades fails to state a claim, and his Complaint is **DISMISSED without prejudice.**

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

Rhoades is **GRANTED** leave to file a "First Amended Complaint" on or before **November 15, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for

failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Rhoades's three allotted "strikes" under 28 U.S.C. § 1915(g). Along with his current Complaint, Rhoades has filed several other cases pending before the Court, including another case about discarded contact lenses. *See Rhoades v. Jeffries, et al.*, Case No. 22-cv-1919-NJR. Should those cases be dismissed as frivolous, they could be counted towards his allotted "strikes" and prevent him from filing future cases without prepayment of fees.[1] As such, the Court will allow Rhoades to either file a First Amended Complaint or seek to dismiss his original Complaint voluntarily by the stated deadline.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Rhoades chooses to file an amended pleading, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v.*

---

[1] 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

*Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Rhoades chooses to dismiss his case voluntarily, the Court will not collect the remaining filing fee.

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 18, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**